UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL X. BUTLER,<br>　　　　Petitioner,<br>　　v.<br>GIGI MATTESON,<br>　　　　Respondent. | Case No. 21-cv-01741-EMC<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Docket No. 13 |

Jamal X. Butler has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 6 ("Petition"). Currently pending before the Court is the State's motion to dismiss based on the statute of limitations. Docket No. 13 ("Dismissal Motion").

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the State's motion to dismiss is **GRANTED**.[1]

### I.   FACTUAL & PROCEDURAL BACKGROUND

In 2008, Mr. Butler was convicted in state court of second degree murder and being a felon in possession of a firearm, with an enhancement for personally discharging a firearm in the commission of a murder. Dismiss. Mot. at 2. On October 13, 2010, the California Supreme Court rejected Mr. Butler's request for direct review. *See id.*

On May 21, 2011, Mr. Butler filed a state habeas petition in San Francisco County Superior Court ("State Petition 1"). *See id.* State Petition 1 was denied on the merits on July 25, 2013. *See id.*; *see also* Dismiss. Mot., Exs. C-D. In State Petition 1, Mr. Butler argued that new

---

[1] Mr. Butler has filed a motion to proceed *in forma pauperis*. *See* Docket No. 20. Because the Court already has granted *in forma pauperis* status to Mr. Butler, *see* Docket No. 11 at 3, this second motion to proceed *in forma pauperis* is denied as moot.

1    evidence – specifically an affidavit from Zebarious Sheppard – showed that Mr. Butler was
2    actually innocent of the crimes of which he had been convicted, and that the prosecutor had
3    committed misconduct during Mr. Butler's criminal trial by introducing false evidence. *See*
4    Docket No. 19 ("Opposition") at 5-6; *see also* Dismiss. Mot., Exs. C-D.

5    On January 7, 2016, Mr. Butler filed a second state habeas petition in San Francisco
6    County Superior Court ("State Petition 2"). Dismiss. Mot. at 2. In State Petition 2, Mr. Butler
7    argued that the court had committed a prejudicial error during his criminal trial by accepting a
8    transcript into evidence, that he had been given ineffective assistance of counsel, and that the state
9    had presented false evidence. *See* Dismiss. Mot., Ex. E. State Petition 2 was denied on January
10   27, 2016. *See* Dismiss. Mot. at 2. The state court concluded that Mr. Butler had waited too long
11   to file State Petition 2, had improperly raised new arguments that could have been raised in State
12   Petition 1, and that all arguments failed on the merits. *See* Dismiss. Mot., Ex. E.

13   On July 11, 2016, Mr. Butler filed a state habeas petition in the California Court of Appeal
14   ("State Petition 3"). *See* Dismiss. Mot. at 2. State Petition 3 raised the same arguments as State
15   Petition 2. *See* Dismiss. Mot., Exs. E, F. State Petition 3 was denied without comment on August
16   4, 2016. *See* Dismiss. Mot. at 3.

17   On January 4, 2018, Mr. Butler filed a third state habeas petition in San Francisco County
18   Superior Court ("State Petition 4"). *See id.* State Petition 4 was denied on April 16, 2019. *See id.*

19   On January 24, 2020, Mr. Butler filed a second state habeas petition in the California Court
20   of Appeal ("State Petition 5"). *See id.* State Petition 5 was denied on October 1, 2020. *See id.*

21   On November 23, 2020, Mr. Butler filed a third state habeas petition in the California
22   Court of Appeal ("State Petition 6"). *See id.* State Petition 6 was denied by the California Court
23   of Appeal on December 3, 2020, and by the California Supreme Court on February 10, 2021 . *See*
24   *id.*

25   On December 20, 2020, Mr. Butler filed a habeas petition in the California Supreme Court
26   ("State Petition 7"). *See id.* State Petition 7 was denied on March 10, 2021. *See id.*

27   The instant federal habeas petition was filed on March 29, 2021. *See* Pet. at 33, 35 (signed
28   and dated by Petitioner); *see also Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (announcing the

prison mailbox rule). Although the instant federal Petition is far from clear, Mr. Butler appears to argue that the state trial court erred in refusing to allow him to recall a key witness in Mr. Butler's criminal trial; that Mr. Butler's trial counsel was ineffective in failing to call a particular witness; and that Mr. Butler is actually innocent based on newly discovered evidence, specifically the testimony of Mr. Sheppard that was raised in State Petition 1. *See* Pet. at 34 (citing California Penal Code § 1473); *see also id.* at 15 (explaining that Petitioner sought relief from his conviction under California Penal Code § 1473, on the basis that Mr. Sheppard's testimony was newly discovered evidence).

## II. DISCUSSION

A. Legal Standard

Title 28 U.S.C. § 2244(d)(1) provides that there is a one-year statute of limitations for § 2254 habeas petitions. The statute expressly provides that

> [t]he limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

B. The Petition is Untimely

Mr. Butler does not dispute that he filed the instant federal habeas petition well over one year from the date that his conviction became final. *See generally*, Opp. In his Opposition, Mr. Butler argues about the discovery of new evidence. *See* Opp. at 5-6. The Court therefore assumes

Mr. Butler intends to argue that the Petition is timely under 28 U.S.C. § 2244(d)(1)(D).[2]

Under § 2244(d)(1)(D), the one-year statute of limitations for the filing of a federal habeas petition begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The gist of Mr. Butler's new-evidence claim is that Zebarious Sheppard, aka Chris Jefferson, witnessed the murder in question, and signed a declaration swearing that Mr. Butler was not the murderer. *See* Opp. at 5-6 (arguing that Mr. Sheppard's testimony constituted new evidence); Dismissal Mot., Ex. G. at 456-57 (summarizing Mr. Sheppard's statement). The record reveals that Mr. Sheppard signed the declaration on May 6, 2011. *See* Dismissal Mot., Ex. H at 583 (Mr. Sheppard's declaration, dated May 6, 2011). Mr. Butler thus knew of this evidence by that date. Thus, to be timely under § 2244(d)(1)(D), the instant federal Petition would have to have been filed within one year May 6, 2011.

As noted above, the instant federal Petition was filed on March 29, 2021. *See* Pet. at 33. This is nearly ten years after Mr. Butler knew of the allegedly new evidence and so the Petition appears to be nearly nine years too late under § 2244(d)(1)(D). Mr. Butler thus may proceed with the instant federal Petition only if he is entitled to tolling during the entirety of his nine-year delay. As explained below, he is not.

1. <u>The Statute of Limitations was not Tolled, and Ran Out, Between the Denial of State Petition 1 and the Filing of State Petition 2</u>

As explained above, Mr. Butler filed State Petition 1 in San Francisco County Superior

---

[2] As to Mr. Butler's claims that the trial court erred in refusing to allow him to recall a key witness, and that his trial counsel was ineffective in failing to call a particular witness, *see* Pet. at 34, § 2244(d)(1)(D) would not apply because Mr. Butler knew that the witness(es) in question failed to testify during his criminal trial. The statute of limitations thus began running *earlier* on these claims than on Mr. Butler's new-evidence claim. As explained, *infra*, Mr. Butler's new-evidence claim is time-barred. Because the statute of limitations began to run earlier on Mr. Butler's other claims, they are time-barred as well and a separate analysis of these claims would be unhelpful.

Mr. Butler does not contend that he faced an impediment, later removed, to filing the instant federal Petition, not does he contend that the United States Supreme Court has newly recognize a right which entitled Mr. Butler to relief. *See generally, id.* Accordingly, the Court will not analyze the applicability of 28 U.S.C. § 2244(d)(1)(A)-(C).

1    Court on May 21, 2011.  *See supra*, I.  The statute of limitations began to run by at least May 6,

2    2011, the latest date on which Mr. Butler knew of Mr. Sheppard's evidence.  The statute of

3    limitations was tolled while State Petition 1 was pending, from May 21, 2011 until July 25, 2013.

4    *See* 28 U.S.C. § 2244(d)(2) (The statute of limitations is tolled for the "time during which a

5    properly filed application for State post-conviction or other collateral review with respect to the

6    pertinent judgment or claim is pending."  Even ignoring the two-week delay between Mr. Butler's

7    discovery of Mr. Sheppard's evidence and the date on which Mr. Butler began to pursue collateral

8    relief in state court, the statute of limitations ran more than twice over between the denial of State

9    Petition 1 on July 25, 2013, and the filing of State Petition 2 on January 7, 2016.  *See supra*, I.

10       Because State Petition 1 and State Petition 2 were filed in the same court, they are not part

11   of the same "'full round of collateral review.'"  *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.

12   2003) (explaining that the statute of limitations is tolled "during the 'intervals between a *lower*

13   court decision and a filing of a new petition in a *higher* court'") (citation omitted).  Thus, Mr.

14   Butler could only be entitled to statutory tolling for the 865-day period between the two petitions

15   if State Petition 2 constituted an attempt to correct deficiencies in the State Petition 1.  *See Stancle

16   v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (explaining when two petitions filed in the same court

17   may toll the statute of limitations).  To be entitled to tolling, the "second petition must be 'limited

18   to an elaboration of the facts relating to the claims in the first petition,' or 'simply attempt[ ] to

19   correct the deficiencies' of the first petition."  *Id*. at 954 (quoting *King v. Roe*, 340 F.3d 821, 823

20   (9th Cir. 2003)).  "If not, the[] [subsequent] petition[] constitute[s] a 'new round' and the gap

21   between the rounds is not tolled."  *King*, 340 F. 3d at 823.

22       Here, State Petition 2 was not so limited.  The San Francisco County Superior Court noted

23   that Mr. Butler had raised a new claim in State Petition 2: that the trial court had erred in accepting

24   the transcript of a witness interview as an exhibit without allowing defense counsel to recall the

25   witness.  *See* Dismiss. Mot., Ex. E at 143, 145.  The court observed that Mr. Butler had been

26   aware of the facts underlying this claim since his trial but had not raised this claim in State

27   Petition 1, and concluded that "the piecemeal presentation" of the habeas claims "[wa]s not

28   justified."  *Id*. at 145.  Thus, State Petition 2 was not "limited to an elaboration of the facts relating

to the claims in the first petition," and Mr. Butler is not entitled to tolling for the gap between State Petition 1 and State Petition 2.

Because Mr. Butler was not entitled to tolling during the period between State Petition 1 and State Petition 2, the statute of limitations ran well before Mr. Butler filed State Petition 2.

2. <u>The Statute of Limitations was not Tolled by the Filing of State Petition 3</u>

Mr. Butler's first state habeas petition filed in the California Court of Appeal was State Petition 3, filed on July 11, 2016. *See* Dismiss. Mot. at 2. The filing of this petition in a higher court does not save Mr. Butler's claims.

If State Petition 3 is construed as a new, independent petition, then State Petition 3 does not toll the statute of limitations because it was filed after the statute of limitations had already run.

If State Petition 3 is construed to be part of the same "'full round of collateral review'" as State Petition 2,[3] it still does not toll the state of limitations because State Petition 2 was filed after the statute of limitations had already run. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). In other words, Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.

Finally, even if State Petition 3 were construed as an appeal of the denial of State Petition 1, which does not appear to be the case, it would not toll the statute of limitations because it was not filed within a reasonable time of the denial of State Petition 1. Where a petitioner delays filing a state habeas petition at a higher-level court, he is entitled to tolling only if he files the latter petition "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). The Ninth Circuit has held that delays of 81 days and up generally do not result in tolling for the gap between the denial of a

---

[3] State Petition 3 appears to be an appeal of State Petition 2. *See* Dismiss. Mot., Ex. E at 127, 289 (showing that Petitioner attached to his petition to the California Court of Appeal in State Petition 3, the arguments that he had made to the San Francisco County Superior Court in State Petition 2).

petition by one state court and the filing of a later petition at a higher-level state court.[4] Here, Mr. Butler delayed 1,082 days between the denial of State Petition 1 and filing State Petition 3 – more than ten times the length of gaps the Ninth Circuit has found unreasonable. *See supra*, I.

Because Mr. Butler's delay far exceeded a "reasonable time" between State Petition 1 and State Petition 3, he is not entitled to tolling for the period between State Petition 1 and State Petition 3, and the instant federal Petition is untimely.[5]

C.     Mr. Butler does not Benefit from the Actual Innocence Exception

Where a federal habeas petition is untimely, the federal court may be able to consider the merits of a claim if the failure to hear the claim would constitute a "miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013).

To proceed under the miscarriage of justice exception, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)); *see also id*. at 327 (explaining a petitioner must show that it is more likely than not that "no reasonable juror would have convicted him"). The evidence that the petitioner uses to make this showing must be "reliable." *Id.* at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new *reliable* evidence . . . that was not presented at trial.") (emphasis added). Where the new evidence proffered by the petitioner is not reliable, courts reject a claim of actual innocence. *See, e.g.*, *Renteria v. Curry*, 506 F. App'x 644, 646 (9th Cir. 2013) (rejecting actual innocence claim based on another individual's testimony that he committed the crime,

---

[4] *See, e.g., Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (91- and 81-day gaps not tolled); *Stewart v. Cate*, 757 F.3d 929, 935-36 (9th Cir. 2014) (delay of 100 days with no showing of good cause is an unreasonable delay); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions is not reasonable, so later petition not "timely filed"); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable).

[5] Respondent also notes that there was a 518-day period between the denial of State Petition 3 by the California Court of Appeal, and the filing of State Petition 4 in the San Francisco County Superior Court. *See* Dismiss. Mot. at 7. The Court agrees that this is another period in which the statute of limitations ran without Mr. Butler being entitled to tolling.

7

1   because the state court found that testimony unreliable); *Hatch v. Lambert*, 215 F. App'x 614, 615

2   (9th Cir. 2006) (rejecting actual innocence claim based on polygraph evidence, because

3   "polygraph evidence lacks reliability"); *Gonzalez v. Gipson*, No. 14-CV-04995-EMC, 2016 WL

4   3055830, at *14 (N.D. Cal. May 31, 2016) (rejecting actual innocence claim based on witness's

5   recantation, where recantation was not reliable).

6         Here, Mr. Butler is not entitled to proceed under the miscarriage of justice exception

7   because the evidence on which he relies is not reliable. Mr. Butler relies on an affidavit from

8   Zebarious Sheppard, who "claims to have witnessed the murder of which petitioner was convicted,

9   and that petitioner was not the perpetrator." Reply at 2 (summarizing actual innocence claim).

10  Petitioner presented this evidence in at least two state habeas petitions, and the state courts twice

11  rejected Mr. Sheppard's testimony as unreliable. *See* Dismiss. Mot., Ex. D at 117-18 (ruling in

12  State Habeas Petition 1), Ex. G at 451, 457-59 (ruling in State Habeas Petition 4). In so doing, the

13  courts considered the fact that Mr. Sheppard was a friend of Mr. Butler's, that both individuals

14  lied about that friendship in order to make Mr. Sheppard's statements appear less biased, and that

15  Mr. Sheppard had an extensive history of criminality and of lying to the police. *See id*. Mr. Butler

16  does not argue that the state courts erred in finding Mr. Sheppard unreliable. *See generally*, Pet. &

17  Opp.

18        This Court is bound by the state courts' determination that Mr. Sheppard's testimony is

19  unreliable, and would reach the same conclusion in any case. First, federal habeas courts do not

20  have a "license to redetermine credibility of witnesses whose demeanor has been observed by the

21  state trial court." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *see also Knaubert v.

22  Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986) ("The district court, therefore, did not abuse its

23  discretion by refusing to reconsider the credibility determinations implicitly rendered by the state

24  trial court."). As explained above, the state courts thoroughly examined the circumstances

25  surrounding Mr. Sheppard's testimony and found it unreliable; nothing in the record suggests a

26  reason to disregard this conclusion. Second, the Court agrees with the state courts' assessment.

27  For example, Mr. Sheppard told the state habeas court that he had only spoken to Mr. Butler twice,

28  *see* Dismiss. Mot., Ex. D at 82, 108, 110, but evidence showed that Mr. Butler referred to Mr.

Sheppard as a friend, *see id*. at 108, that they had known each other for fifteen years, *see id*., and that the two had exchanged telephone calls at least 756 times and text messages at least 146 times, *see id*. at 110-11, 116. Mr. Sheppard claimed to have written the declaration that would exonerate Mr. Butler, when in fact it was written by an investigator hired by Mr. Butler, *see id*. at 100, 101-02, 112; skipped bail multiple times and repeatedly lied to police about his identity, *see id*. at 112-13; and continued to spend time in the area where he allegedly saw someone murdered, despite supposedly pointing the finger at a group of persons responsible for the murder, *see id*. at 113. Given Mr. Sheppard's unreliability, Mr. Butler cannot show that it is more likely than not that "no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.

Mr. Butler has not "support[ed] his allegations of constitutional error with new reliable evidence." *Schlup*, 513 U.S. at 324. Mr. Butler therefore has failed to demonstrate he is entitled to proceed with the instant federal Petition despite its untimeliness. *See Renteria*, 506 F. App'x at 646 (rejecting actual innocence arguments because "There is no basis on which to overturn the state trial court's credibility determination, . . . and, thus, no basis to grant habeas relief on this claim.").

### III. CONCLUSION

For the foregoing reasons, the State's motion to dismiss is granted. The claims asserted in Mr. Butler's petition are all time-barred. Because the Court is dismissing the petition based on the AEDPA statute of limitations, the Court orders the Clerk of the Court to enter a final judgment in accordance with the close the file in this case. The Court declines to issue a certificate of appealability.

This order disposes of Docket Nos. 13 and 20.

**IT IS SO ORDERED**.

Dated: March 11, 2022

_____
EDWARD M. CHEN
United States District Judge